```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN
                                           )
JANET SMITH-RUSSO,                         )
Administratrix of the ESTATE OF            )
JOHN J. RUSSO, deceased,                   )
                                           )   Civil No. 2017-63
              Plaintiff,                   )
                                           )
              v.                           )
                                           )
TOP SAILS, INC., and VIRGIN                )
EXCUSIONS, LLP,                            )
                                           )
              Defendants.                  )
                                           )
```

**ATTORNEYS:**

**Kevin O'Brien**
Stampone Law, PC
Cheltenham, PA
**Frederick A. Gunion, Jr.,**
Law Offices of Robert Dixon
Miami, FL
**Ravinder Nagi**
**Mark Alan Kragel**
Bolt Nagi PC
St. Thomas, VI
   *For the plaintiff Janet Smith-Russo, Administratrix of the Estate of John J. Russo, deceased,*

**Matthew J. Duensing**
Stryker, Duensing, Casner & Dollison
St. Thomas, VI
**Richard J McAlpin**
**Kassandra Doyle Taylor**
McAlpin Conroy, P.A.
Miami, FL
   *For the defendants Top Sails, Inc. and Virgin Excursions, LLP.*

**ORDER**

**GÓMEZ, J.**

In or about 2015, John Russo ("Russo") and Jill Pires ("Pires") booked passage aboard the Norwegian *Getaway*, a cruise ship operated by Norwegian Cruise Line ("NCL"). At or about the time of booking, Russo and Pires purchased a day sail shore excursion on St. Thomas, Virgin Islands, (the "Excursion"). At that time, NCL had a business relationship with Virgin Excursions, LLP, ("Virgin"). Pursuant to that relationship, Virgin provided the Excursion. Virgin subcontracted the operation of the Excursion to Topsails, Inc., ("Topsails"). Topsails owned and operated the schooner Blackbeard's Revenge.

On September 15, 2015, while Russo and Pires were on their cruise, the Norwegian *Getaway* docked in St. Thomas, Virgin Islands. Sometime thereafter, Russo and Pires embarked on the Excursion. The Excursion began with a boat ride on Blackbeard's Revenge to Abi Beach in St. Thomas. Blackbeard's Revenge anchored off the beach. The Excursion participants were given the option to swim to shore or to be ferried to shore by a dinghy. Russo and Pires elected to swim to shore. While swimming from Blackbeard's Revenge to shore, Russo died.

Sometime after Russo died, an autopsy was performed on him. The medical examiner who conducted the autopsy concluded in an autopsy report that the cause of Russo's death was drowning.

On September 14, 2017, Russo's widow, Janet Smith-Russo ("Smith-Russo"), in her capacity as Administratrix of Russo's Estate brought an action in this Court. In her complaint, Smith-Russo alleges causes of action for negligence and gross negligence against both Virgin and Topsails. Smith-Russo also demands a jury trial.

On November 17, 2017, Virgin and Topsails filed answers in this matter. Virgin and Topsails and are represented by the same attorneys in this matter.

Rule 1.3 of the American Bar Association's Model Rules of Professional Conduct provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." The Preamble to the Model Rules states that "[a]s advocate, a lawyer zealously asserts the client's position under the rules of the adversary system."

Furthermore, Rule 1.7(a) of the American Bar Association's Model Rules of Professional Conduct provides,

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a

> concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing.

American Bar Association's Model Rules of Professional Conduct, Rule 1.7.

> [A] lawyer asked to represent several individuals … is likely to be materially limited in the lawyer's ability to recommend or advocate all possible positions that each might take because of the lawyer's duty of loyalty to the others. The conflict in effect forecloses alternatives that would otherwise be available to the client. The mere possibility of subsequent harm does not itself require disclosure and consent. The critical questions are the likelihood that a difference in interests will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in

>  considering alternatives or foreclose courses of action
>  that reasonably should be pursued on behalf of the client.

Rule 1.7 (comment 8)(emphasis added).

"[S]imultaneous representation of parties whose interests in litigation may conflict, such as coplaintiffs or codefendants, is governed by paragraph (a)(2). A conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question." *Id.* (comment 23).

The premises considered, it is hereby

**ORDERED** that, no later than 3:00 p.m. on Friday, February 8, 2019, Virgin Excursions, LLP, and Topsails, Inc., shall each file a brief, with citations to appropriate authority, addressing: (1) whether any conflict exists between Virgin Excursions, LLP, and Topsails, Inc.; and (2) to the extent a conflict exists, what, if any, measures have been taken to address the conflict.

S\_____
**Curtis V. Gómez**
**District Judge**

*Smith-Russo v. Topsails, Inc., et al.*
Civ. No. 17-63
Order
Page 6